UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANEL CHILDS,

Plaintiff,

vs.                                                                 Case No.:

COMMERCIAL RECOVERY SYSTEMS, INC.,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3. This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5. Plaintiff, Janel Childs, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Commercial Recovery Systems, Inc., (hereinafter "Defendant Commercial") is a collection agency operating from an address of 8035 East R.L. Thornton Fwy, Suite 220, Dallas, TX 75228-7145, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Commercial regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8. Defendant Commercial regularly collects or attempts to collect debts for other parties.

9. Defendant Commercial is a "debt collector" as defined in the FDCPA.

10. Defendant Commercial was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. Within 5 days of its initial communication with Plaintiff, Defendant failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

16. The Defendant did not provide debtor with written notice of assignment from creditor, within 30 days after the assignment.

## COLLECTION CALLS

17. On or about October 2012, Defendant Commercial's collectors contacted Plaintiff by telephone, on more than one occasion, in efforts to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

18. During these calls, Defendant left voicemail messages for Plaintiff, and failed to identify itself as a debt collector.

19. During these calls, Defendant left voicemail messages suggesting that it would take legal action if Plaintiff did not return the calls.

## SUMMARY

20. All the above-described collection communications made to Plaintiff by Defendant, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(6), and 1692e(11).

21. During its collection communications, Defendant and the individual debt collectors employed by Defendant Commercial failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), and 1692e(11), amongst others.

22. Defendant's conduct, as detailed above, of harassing Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA, as stated herein.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7.  Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. § 1692e

27. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

28. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. § 1692d

29. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

30. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
### 15 U.S.C. § 1692(e)

31. Plaintiff incorporates by reference all of the above paragraphs 1 through 21 of this Complaint as though fully stated herein.

32. Defendant left voicemail messages for Plaintiff suggesting that it would proceed with legal action, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

33. Defendant violated § 1692e of the FDCPA by the foregoing acts.

34. Defendant used false, deceptive, and misleading representations or means in connection with debt collection, and in so doing, failed to comply with FDCPA, specifically 15 USC 1692e.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

35. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

36. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

37. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 6

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLORIDA STATUTE §559.55 et seq. ("FCCPA")

38. Plaintiff incorporates by reference all of the above paragraphs 1 through 21 of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

40. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 7

### VIOLATION OF §559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41.  Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

42.  The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

43.  Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)  Damages;

b)  Reasonable attorney's fees and costs; and

c)  Such further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: 05/30/13

                Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (305) 526-1175
Attorney for Plaintiff